BELT, use of BOSWELL, et al. vs. WORTHINGTON, et al.— December, 1831.

Where a replevin had been struck off upon the motion of the plaintiff, and an action upon the replevin bond had been instituted, the defendants, (the plaintiff in replevin and his securities) suffered judgment to go by default; they were, notwithstanding, permitted, upon the execution of a writ of inquiry, to assess the plaintiff's damages, to show they had title to the articles replevied, in mitigation of damages.

The object of the law in prescribing that a replevin bond should be entered into by a plaintiff before he should have the writ, was only to indemnify the defendant. The action upon that bond being *sui generis*, ought to be so moulded as best to subserve the principles of justice, having a regard to the rights decided in the replevin, and the nature and character of the bond.

APPEAL from *Prince Georges* County Court.

This was an action of *Debt*, commenced the 25th November, 1828, by the appellant, *Edward W. Belt*, against the appellees, on a replevin bond, dated July 16th, 1828. To the plea of general performance, the plaintiff replied : that the defendants, on the day of the execution of the bond, prosecuted and sued forth, out of the county court, the writ of replevin, to an *elisor* of the county (appointed in that behalf) directed, commanding him to replevy and deliver to the defendant, thirty thousand pounds of tobacco, which the said *Edward W. Belt*, of the county aforesaid, sheriff, had taken, and unjustly detained, &c. That the said *elisor*, as by the writ commanded, did replevy, and deliver to the defendefendants, the said tobacco ; and that at the return term of the same, the parties appeared, when the attorney of the

defendants, then then and there dismissed, discontinued, and struck off their writ and suit aforesaid; and so the plaintiff says, that the defendants have not well and faithfully performed the condition of the said bond, &c. The defendants suffered a judgment to go against them by default to this replication; and upon the execution of a writ of inquiry at bar, to assess the plaintiff's damages, a record of the proceedings in the replevin suit referred to in the replication, was read in evidence by the plaintiff, showing that the same was stricken off upon the motion of the defendants' attorney. The plaintiff also, by consent of parties, read to the jury the schedule and appraisement, returned by the *elisor*, who executed the replevin, as evidence of the quantity and value of the tobacco replevied. The defendants then offered to prove, in mitigation of damages, that at the time of the issuing out of the said writ of replevin, they had a good title to the tobacco. The plaintiff objected to the competency of this evidence, upon the ground—1st. that the effect of admitting it, would be to try the question of title, in a collateral manner; and, 2d, that the defendants having permitted a judgment to go against them by default, in the present action, were thereby concluded, from going into such an enquiry. But the court (STEPHEN, Ch. J., and KEY, A. J.) overruled the objections, and permitted the evidence to go to the jury. The plaintiff excepted, and the verdict being but for nominal damages, he brought the present appeal.

The cause was argued before BUCHANAN, Ch. J., and EARLE, ARCHER, and DORSEY, J.

*Alexander*, for appellant.

It is an universal principle, that a person shall not be permitted to gain an advantage by violating the legal rights of another, or by evading the performance of a legal duty. The origin of all laws inflicting costs, damages, fines, and corporal punishments, is to compel every one to observe his duty towards his fellow citizens and the public. But this

principle seems to have been overlooked by the court below. The judgment for a return, legally and morally bound the plaintiff to restore the possession to the defendant. The writ *de retorno habendo* was intended to enforce this obligation, and the replevin bond was designed to afford the defendant an additional security, for the performance of such judgment as might be rendered. If then, the property is removed, so that the defendant in replevin is compelled to sue on the replevin bond, the measure of his damages should be the value of the property which the plaintiff, in replevin, was adjudged to restore. By adopting this measure, the plaintiff will be deprived of all inducement to *eloign* the property, or in any manner to resist the execution of the judgment for a return. But it is said that the action of replevin is *sui generis,* and this may be affirmed of every action; but all actions have this common design, to administer justice between the parties. It is said the *non-suit* does not settle the title, which was therefore liable to be questioned in another suit. In the first place, it is answered, that a writ of replevin will not lie after a non-suit in a former replevin. The action of replevin is therefore *sui generis,* so far that a non-suit is a conclusive bar in any subsequent action. In the next place, the judgment for a return consequent upon the non-suit, is conclusive of the right of the defendant to a restitution. The condition of the bond is, that the property shall be returned if a return shall be adjudged. The judgment must, therefore, conclude the obligor from alleging any matter beyond the judgment, as a justification for delaying the return; it is equally conclusive as to the damages. It may be said, that the possession of the defendant in replevin may have been qualified, his title may have been defective, and he ought not to require damages to a greater amount than the fair value of his interest in the property. The plaintiff may avoid excessive damages by complying with the judgment; if he will retain it against the judgment, he ought not to be permitted to speculate upon the nature of the defendant's title, in order to lessen the damages. The replevin, in this

State, issues upon a mere suggestion of title in the plaintiff; it transfers the possession from the defendant to the plaintiff, and may, therefore, be made an instrument of great fraud, if the plaintiff, after a judgment against him, may rely on his possession thus obtained, and compel the defendant to show a clear title, in order to obtain damages to the value of his interest; and the objection loses all its weight, when it is considered that the damages recovered will be held by the defendant in lieu of the property, and subject to all claims which existed against the property itself. There is no case of an action founded on contract, in which evidence has been admitted in mitigation of damages. In some actions of *tort*, as for libel, slander, and such like, in which there can be no certain measure of damages, matter which extenuates the moral turpitude of the injury, may be offered in mitigation, as matter which increases its moral enormity, may be offered in aggravation of damages. Such evidence is admitted upon a very clear principle; it is necessary to determine the precise character of the wrong which is to be redressed by the recovery of damages; but in this case, the value of the property furnishes the best measure of damages sustained by the party who is adjudged to be entitled to the return; and more particularly, as the action is brought upon an express contract to comply with the judgment for a return. In an action upon an appeal bond, the merits of the original judgment cannot be questioned in mitigation of damages; and for this plain reason, that the defendant has bound himself to pay the judgment, in case it should be affirmed. It is said there is a difference between the cases; but the distinction can be asserted more readily, than proved. If any evidence in mitigation can be offered in an action upon the replevin bond, it must be on the ground, that the action is a continuation of the action of replevin; but property might have been pleaded in bar by the plaintiff in replevin, and it is a general rule, that matter which might be pleaded, shall never be offered in evidence in mitigation of damages. It is upon this principle, that matter which

might have barred the original judgment, is not admissible in an action upon the appeal bond. It is not necessary to show that the defence was actually pleaded; if, therefore, the evidence is admissible in the present case of a non-suit, it must be equally admissible in the case of a judgment rendered upon verdict.

*Johnson* for the appellees.

The question to be discussed is, is a plaintiff in replevin, who fails to prosecute his suit with effect, liable for the whole amount of the property in controversy? The object of the replevin bond is to put the defendant in the situation he would have stood in, if no suit had been brought, or in other words, to indemnify him against the consequences of the suit. Suppose there had been a *retorno habendo* awarded the defendant in replevin, and plaintiff had subsequently *non-prossed* his action ; will it be pretended, that in an action on the replevin bond, the defendant in the last action could not give in evidence those facts, for the purpose of protecting himself against a judgment for the full value of the property ? the only effect of suffering a default, in an action on the bond, is to admit, that plaintiff had a right to sue upon it: it admits the right of possession in the property reple-vied, to have been in the present plaintiff, and no more. Suppose the owner of a slave hires him to a third person for a certain period, and within the period replevies him, and afterwards non-suits his action ; will it be said, that in an action on the replevin bond by the hirer, the owner could not prove title, to prevent a recovery against him for the full value of the slave; if he could not, then the reple-vin bond, instead of being a mere indemnity, would place the hirer in a better condition than if no suit had been brought; he would recover the full value of the negro, when he had but a temporary right to his services. The effect of a judgment by confession, or *nil dicit*, in an action upon a bond with a collateral condition, is not to entitle the party to the amount of the penalty, but only to the damages

actually sustained; and any evidence showing or limiting the extent of the damages, is proper for the jury. The proof in this case, was not to defeat the action, but simply to mitigate the damages. He referred to 6 *Harr. and Johns.* 469.

ARCHER, J., delivered the opinion of the court.

The judgment by default in the replevin bond against the defendant, only admits, that he did not prosecute his writ of replevin with effect; and it is incumbent on the plaintiff in the action, to show the damage which he has sustained by the failure to prosecute. For this purpose, he has offered in evidence, the proceedings in replevin, in which the bond was taken, by which it appears that the replevin was executed, and the goods delivered to the defendants, and that instead of prosecuting the writ with effect, the suit was, by their order, stricken off. Upon the execution of the writ of inquiry, the plaintiffs sought to recover the value of the goods, which, from the proceedings, appear to have been delivered to the defendants, and not returned; and in mitigation of the damages, the defendants offered evidence to show title in them, to the goods, at the time of the replevin sued out. Its admissibility has been questioned, which forms the subject for our consideration. If the judgment of *non-suit*, which followed, or ought *to have* followed, the order to strike off the suit in replevin, had been conclusive of the rights of the parties to the property in controversy, the evidence would have been clearly inadmissible. But we apprehend, that no right has been settled between the parties to the suit, which should induce the rejection of the evidence. The right to have the return of the goods, is the only consequence of the judgment. The title to the goods is in no manner settled by it, and the defendant could not, therefore, be estopped by the proceedings, from an effort to mitigate the damages, by setting up a title to the goods. The object of the law in prescribing that a replevin bond shall be entered into by a plaintiff, before he should have

the benefit of the writ, was only to give indemnity to the defendant. If, in truth, he had no right to the property, at the time of the institution of the suit, the rejection of the evidence, by putting it in his power, to recover the value of the goods, would enable him to overreach a just measure of indemnity, and inflict upon the plaintiff a penalty which the law never contemplated. No argument can be deduced against the admissibility of this evidence, from the principles applicable to recoveries on appeal bonds, taken from actions on money contracts, where the judgments, by default, are as conclusive as upon verdicts ; because, in the proceedings in the replevin suit, which gave rise to this replevin bond, nothing has been done which is at all conclusive upon the parties, with regard to title; and the action of replevin, being an action *sui generis,* the recovery on the replevin bond, ought to be moulded in such a manner as will best subserve the principles of justice. Whether such evidence would have been admissible, had the pleadings in the action of replevin assumed other forms, it is not proper now to determine. We may be permitted, however, to say, that the question must always be regulated by a reference to the rights decided in the action, and the nature and character of the bond.

**JUDGMENT AFFIRMED.**