JOHN WALTER, USE OF SUSANNA WALTER, *vs.* DANIEL WAR-
FIELD, AND OTHERS.—*December*, 1844.

*D.* sued out a writ of *replevin*, and gave the usual bond, with the other defen-
dants as his sureties, to *J.;* at the trial of the *replevin*, the defendant, *J.*,
pleaded *non cepit*, and property in *S.;* and the plaintiff, *D.*, pleaded property
in himself.   The issues were found for *J.*, with a judgment for a return of
property.   In an action on the *replevin* bond, entered for the use of S., the
defendants, *D.* and his sureties, were permitted to prove in mitigation of
damages, that the property really belonged to *S.*, that *J.* had no personal
interest in it; and maintain, that he could recover in this action only tho
amount of damage sustained by him, personally, in consequence of the
property being taken from his possession, and could not increase the
damages to the extent of *S's* right, by showing that he was her agent.

The damages which an obligee in a replevin bond can recover from the ob-
ligors, are only such as he has suffered personally, by reason of the institu-
tion and failure of the action of replevin.

APPEAL from *Baltimore* County Court.

This was an action of *debt*, commenced on the 18th August 1838, by the appellants against the appellees. The plaintiffs declared on a bond of *Daniel Warfield* and his sureties, to *John Walter*, to prosecute the action of replevin, mentioned in the exceptions, with effect, dated 25th July 1836. The defendant pleaded general performance ; and the plaintiff replied by way of breach, setting out the proceedings in replevin ; and the judgment thereon, that the plaintiffs, the appellees aforesaid, "should take nothing by their writ, and that the said *Walter* should have a return of the said goods and chattels, in said condition mentioned, to be detained to him forever irreplevi-able, and that he should recover his costs &c. ;" that no return was made, nor costs paid, and so, &c. Rejoinder by the appellees, that, &c., in said condition mentioned, did well and truly return the goods and chattels, &c., on which issue was joined.

The plaintiff, to support the issue on his part, offered in evidence the replevin bond, the record in the replevin suit, mentioned in the condition of said bond, and the docket entries, as follows :

"*Daniel Warfield* and *Samuel Mactier vs. John Walter. Replevin*, nar. and notice to plead, filed. Replevied and delivered, as per schedule, and defendant summoned. 1st September 1836—appearance, rule, plea ; same day, motion for a return of property. 30th December 1836—pleas, *non-cepit*, and property, and notice to reply filed ; rule, replication, service of copy and notice of rule admitted ; same day, similiter to 1st plea, and general replication to 2nd plea filed, service of copy admitted, continued. January 1837, continued. May, continued. September, continued. January 1838, continued. May term—15th June 1838, jury sworn. 18th June 1838, verdict for the defendant. Judgment on the verdict for a return of property and costs.

Defendant's costs, $49.39½.

Test, THOS. KELL, Clk."

The defendant, *John Walter*, in the action of *replevin*, pleaded. 1st, *non-cepit*.   2nd, property in *Susanna E. Walter.*

The plaintiffs, *W.* and *M.*, joined issue on the 1st plea.   2nd plea, property in themselves.

And further to prove the said issue, the plaintiff offered testimony by *Hiram C. Walter*, of the value of the property taken by the said writ of replevin.

The defendants, in order to show that the property in question was not in the plaintiff, at the institution of the said action of replevin, but in a certain *Susanna E. Walter*, the same person mentioned in the plea of the present plaintiff, filed by him as defendant in the said action of replevin, and making said offer only with a view to mitigate the damages in the present action, proposed to ask said witness if he was not the original owner of said property, and whilst such, did not execute a bill of sale of said property, conveying and transferring the same to said *Susanna E. Walter*, and in connexion with said proof, offered with the like purpose to read in evidence to the jury, an authenticated copy of said bill of sale, to said *Susanna* from said *Hiram*, and to prove that the said bill of sale contains and conveys the property in dispute in this case.   The bill of sale was dated 16th May 1835.

To the admissibility of which evidence the plaintiff's counsel objected, but the court (Purviance, A. J.,) overruled the objection, and suffered the said proposed evidence to be given to the jury in the present case, as evidence in mitigation of damages, for the purpose for which the same was, as aforesaid, offered to be given; the plaintiff excepted.

2ND. Exception.  The plaintiff and defendants having given the evidence in support of the issue on their respective parts, stated in the aforegoing bill of exceptions, and which is made part of this exception, the plaintiff to show himself entitled to recover for said *Susanna's* benefit the full value of the chattels mentioned in this suit, further offered to prove, that the plaintiff, at the time of the replevying of said chattels, held and claimed the same only as agent of said *Susanna E. Walter*, named in the pleadings in said replevin suit, and that the plaintiff de-

fended the same for her, and at her expense, and under her direction ; and that this suit was instituted at her instance and for her use, and has been conducted by the plaintiff for her use, and at her expense; and that this suit has been entered for her use on the docket, under an order signed by the plaintiff, but for the first time this day by virtue of the order signed as aforesaid, dated and filed this day, and which order is as follows :

"*John Walter vs. Daniel Warfield and others.* In *Baltimore* county court. *Mr. Kell*,—Enter this case for the use of *Susanna E. Walter.* JOHN WALTER. CHARLES F. MAYER, Plff's Att'y. 13th December 1842."

But the defendant objected to the admission of said testimony, offering at the same time to give in evidence, that heretofore, to wit, on 30th December 1836, there was brought by said *Susanna* against the said defendant, *Warfield*, and *Mactier* his partner, plaintiffs in said replevin, an action of trespass, for the taking and carrying away, by virtue of said replevin, the same property, the value of which is now sought to be recovered for her use in this action, in the manner stated in this exception ; and that in the said action of trespass, she recovered a verdict and judgment in *Baltimore* county court, at September term, 1838; but which judgment was afterwards reversed, on appeal, by the Court of Appeals, upon the ground that the form of action was misconceived, as well as upon the error of opinion of the county court in the third exception in said case, (it being agreed, that the record of said case in the Court of Appeals, and the statement of the case, and the opinions of the county court and of the Court of Appeals, shall be read in argument of this case in the Court of Appeals, from the report of the case in 11 *Gill & Johnson's* reports, page 80, &c., to have the same effect as if said case were set out at length in this exception.)

The plaintiff then, in further support of the issue on his part, offered to prove, that the present suit was suspended on his part, from the time of its institution until the decision had taken place in the above mentioned case of trespass, and purposely so, to abide the issue of said trespass case ; the defen-

dants, however, not being informed of such purpose, nor their counsel, until yesterday, after the case was called, the jury sworn, and the plaintiff had given his evidence stated in his first exception, (the offer of this latter evidence so stated as made by the plaintiff in this exception, was, however, after this suit was, as aforesaid, entered for the use of said *Susanna*;) and the court refused to allow the testimony of the plaintiff, offered as aforesaid, to be given. To the admission whereof, the defendants had, as above stated, objected, upon the ground as well of the evidence stated as aforesaid, by the defendants, as upon the general ground, that the evidence, so objected to, was inadmissible; and the court, (PURVIANCE, A. J.,) being of opinion and so directing the jury, that the plaintiff can recover in this action only the amount of damage sustained by him personally, in consequence of the taking of the property from his possession. And the plaintiff objecting to the testimony offered, as aforesaid, by the defendants, as set forth in this exception, the court overruled the objection and allowed said testimony to be given. Whereupon, to said direction of the court, and to the refusal of the court to allow to be given the testimony aforesaid, offered by the plaintiff, and to the court's admission of that offered as aforesaid by the defendants, the plaintiffs excepted.

3RD. EXCEPTION. The plaintiff and defendants having respectively offered the evidence to support the issue on their parts, stated in the aforegoing bills of exceptions, which was admitted as evidence, and not excluded, and which is made part of this bill of exceptions, the plaintiff prayed the court to direct the jury, that on the evidence given in this cause, if believed by the jury, the plaintiff is entitled to recover the value of the property mentioned in the schedule, returned with the writ of replevin, and offered in evidence, notwithstanding they may find, that at the date of the institution of said replevin suit, and at the date of the bringing of the present suit, the title to said property was in *Susanna E. Walter*, or any other person. But the court refused to give said direction; to which refusal, the plaintiff excepted.

The jury found their verdict for the plaintiff, and assessed his damages at $50, and his claim being for a much larger sum, he prosecuted the present appeal.

The cause was argued before ARCHER, C. J., DORSEY, CHAMBERS and SPENCE, J.

By MAYER for the appellants, and
By WARD and REVERDY JOHNSON for the appellees.

By THE COURT.

JUDGMENT AFFIRMED.

NOTE.—The court refused the application of the appellant, to hear a re-argument of this cause.