Mason *vs.* Sumner.

(Decided November 17th 1864.)

JOHN THOMSON MASON *vs.* JACOB SUMNER.

REPLEVIN BOND, ACTION ON: EVIDENCE: JUDGMENT IN REPLEVIN, NOT CONCLUSIVE AS TO THE CHARACTER OF THE POSSESSORY RIGHT OF PLAINTIFF.—In an action on a replevin bond, the judgment in the replevin suit in which said bond was given, does not conclude the obligors in the bond from proving by the proceedings in the cause, or *aliunde* the character of the possessory right, upon which the plaintiff in the action on the bond recovered in the replevin suit.

RELATION OF LANDLORD AND TENANT IN REPLEVIN, EFFECT OF IN ACTION ON REPLEVIN BOND: MEASURE OF DAMAGES.—If from such proceedings it appears that the relation between the parties to the action in replevin, was that of landlord and tenant, cultivating or renting on shares, and that the subject of replevin was the crop then growing upon the farm of the landlord; such evidence shows a qualified property, or joint right of possession which would defeat the action of replevin by the tenant, and at the same time diminish the claim for damages on the part of the landlord, founded on his *prima facie* right to the value of the appraisement, showing he was entitled to but a moiety of the same: such testimony was proper to rebut the *prima facie* case of the plaintiff on the bond.

The right of the plaintiff in the action on the bond must be confined to the extent of his ownership over the property replevied. If as a joint owner he was entitled to such possession as precluded his tenant from replevying, and secured him a judgment of *"retorno habendo,"* yet his title was not so absolute and entire as to entitle him to recover of the principle or surety the full value of the property, or more than the value of his share of the crops.

APPEAL from the Circuit Court for Washington County:

This is an action upon a replevin bond, brought by the appellant, against one John R. Stickle, the principal, (who was returned "not found,") and the appellee, as his surety. The *nar.* after setting out the bond and the proceedings in the action of replevin between the principal, Stickle, and the appellant, in which judgment of *"retorno habendo"* was awarded for the defendant, concludes with the usual breach, that the said Stickle did not prosecute the writ of replevin with effect, etc.; to which the appellee pleaded: 1st. General performance. 2nd. That the plaintiff, (the appellant,) had not been damnified. 3rd. That the goods and chattels in the declaration mentioned, and replevied in the manner set forth, were the property of the said John R. Stickle; on which issues were joined.

The appellant, to maintain the issues on his part, offered in evidence the replevin bond, and the proceedings and judgment in the previous case of replevin.

The defendant by way of mitigation of damages offered in evidence an agreement between the plaintiff and John R. Stickle, the principal in the bond, for renting of the farm of the appellant, and proposed to follow the same with evidence of a distress warrant having been levied by the appellant upon the crop of the said Stickle, and that the replevin in this suit, was instituted to recover the possession of the crop, which by the distress had been taken from him; to which testimony the appellant made objection, which being overruled by the Court below, (WEISEL, J.,) the appellant excepted; this forms the first bill of exceptions.

The appellee then offered the distress warrant in evidence, for the purpose of mitigating damages, and also of showing that the property replevied was in the possession of the appellant at the time the replevin issued; to the admissibility of which testimony the appellant

40    v. 22.

objected, and also to its admission for any such limited purpose, contending that if admitted at all, it was for all purposes, which objection being overruled, the appellant excepted, which forms the second bill of exceptions.

The appellant then prayed the Court to instruct the jury that the measure of damages is the *value of the property replevied*, as fixed by the appraisement, and other testimony in the cause, to be reduced by the amount of grain proved by the defendant, to have been delivered to the appellant, out of the crop thus replevied, which prayer the Court refused to grant; but instructed the jury that the true measure of damages was the amount of the rent due to the plaintiff by John R. Stickle, at the time of the institution of the suit of replevin by Stickle against the appellant, reduced by any delivery of grain for him on account of the same, since the institution of the suit, with interest in the discretion of the jury; to which refusal to grant the appellant's prayer as presented, and the granting of the instruction given by the Court, the appellant excepted, which constitutes his third bill of exceptions.

The verdict of the jury and judgment thereon, were for the plaintiff, but for a much less sum than the damages claimed. This appeal is taken by the plaintiff from the rulings of the Court below, (WEISEL, J.,) admitting the evidence objected to by the plaintiff, at the trial, as set forth in the 1st and 2nd bills of exceptions, and rejecting the plaintiff's prayer, and granting the instruction given, as shown by the plaintiff's third exception.

The cause was argued before BOWIE, C. J., and BARTOL, GOLDSBOROUGH, and COCHRAN, J.

*John Thomson Mason,* for the appellant.

1st. It is a well settled principle that where any question has been once decided, or might have been, in any

case, the same question cannot be again revived in any subsequent proceeding in the same case. Thus in the case to revive a judgment, any defence which might have been availed of in the first proceeding, cannot be set up in the *sci. fa. Moore vs. Garrettson,* 6 *Md. Rep.,* 444.

The same principle applies in replevin. Wherever the title to the property is in issue, or might have been, in the original proceeding, that question becomes *res adjudicata,* and cannot afterwards, in any subsequent proceedings, in the same case, between the same parties, be revived. Whenever the issue is title *vel non,* the decision of that point is final. It is true there are cases where the absolute title to the property in controversy cannot be brought into issue, and in such cases the decision is not final on that point. Such was the case of *Cumberland Coal Co. vs. Tilghman,* 13 *Md. Rep.,* 74. There the issue was not the absolute title to the property, but a qualified or special title with the absolute right of possession. But in no case will it be found that where the title is the issue and has been decided, will the Court ever again review the point.

The action of replevin has always been the proper, if not the only proceeding to test the legality of a distress, and to determine the amount of rent due, if any. By the Code, Art. 63, secs. 11, 12, (p. 308,) this remedy is extended to cases of renting on shares.

The appraisement is the measure of damages. *Karthaus vs. Owings,* 2 *G. & J.,* 430.

2nd. The question presented by this exception is whether the distress warrant is evidence for the appellee. The objection to its admissibility rests on the same grounds as those taken on the first exception. But if admissible at all, it is for all purposes; it is *prima facie* evidence of the appellant's claim to the amount of rent claimed. The Court below took the ground, that the *onus* was on the

appellee to show that no rent was due—the *prima facie* case being with the appellant.

3rd. It is submitted that the appellant's prayer properly presents the law in the case; but whether it does or not, it is very clear that the instruction which was given by the Court was manifestly erroneous. Admitting for the sake of the argument, that the whole theory of the appellee, as developed by the previous exceptions, be correct, the Court does not place the *onus* of proof on the appellee, to show no rent was due, and if he does, no such instruction should have been given as was given, because there is a total absence of proof on the part of the appellee, disproving the appellant's *prima facie* case. The case having been closed, before the instruction was given, it was not in the power of the appellant to offer testimony to prove his claim to rent.

It is respectfully submitted, that the law and merits of this case have not been properly presented on this trial, and that a new trial is necessary to reach them.

*W. J. Hamilton*, for the appellee.

The appellee insists, that the rulings of the Court in the cause, are correct.

The question here is whether the evidence offered by the appellee was properly allowed to be given to the jury, and if so properly allowed, that then the refusal of the Court to instruct the jury as prayed by the appellant, and the instruction as given by the Court must necessarily follow.

The appellee maintains, that the evidence was admissible under principles well established in this State. The action of replevin is an action *"sui generis,"* and is generally resorted to for the purpose of trying the right of possession at the time of the issuing of the writ, and not to determine necessarily the absolute title to the property for all time.

That the "bond is given to indemnify the defendant in replevin against the wrong he may suffer by the replevin," and that "the recovery upon it ought to be moulded in such manner as will best subserve the principles of justice," and for these principles I refer to the cases of *Belt vs. Worthington,* 3 *G. & J.,* 252. *Dugan vs Tyson,* 6 *G. & J.,* 458. *Coal & Iron Co. vs. Tilghman,* 13 *Md. Rep.,* 83.

These principles being well settled in this State, the only question for further consideration is whether the absolute title to this property was tried and passed upon in the replevin suit, and the appellee thereby *estopped* from again bringing it in question.

The appellant relies entirely upon *estoppel,* and in his argument, without pretending at all that the title was tried in the replevin suit, endeavors to enforce upon the court that it would or might have been tried under the pleadings in the cause; and this power to try the same is sufficient to create an *estoppel.* 13 *Md. Rep.* above referred to.

There is nothing in the whole record and proceedings in the replevin suit given in evidence by the appellant in this cause, to show what was determined, other than the appellant should have a return of the property.—Nothing tried, nothing settled, under which he should hold the property if returned to him under the judgment of the Court, whether absolutely or qualifiedly. So that the record and proceedings in the replevin suit, as given in evidence by the appellant, cannot in itself constitute an *estoppel.* It is *prima facie* "evidence of his whole claim, to be reduced by the evidence of the appellee in mitigation." There is something more to be shown by the appellant, besides and in addition to this record and proceedings in replevin in order to constitute an *estoppel,* if an *estoppel* can be made to apply at all in this cause. The evidence in the cause before the Court given by the

appellant, does not show what was adjudicated in the replevin suit other than the general or possessory right of property.   This alone not being sufficient to constitute an *estoppel*, and the appellant not producing further testimony to establish it, as he could not do by the facts in the cause, the court below ruled correctly in admitting the evidence in mitigation.

The appellant in his objections to the admissibility of the proceedings in distress for the purposes stated by the appellee, asserts that injustice was done to him.   But how?   The whole proceedings were given in evidence by the appellee, true, to be used by him for his purposes, but this did not limit them to these purposes only.   The appellant could have used them and did use them for his purposes, viz: to show *prima facie* that such rent was in arrear to him.   The appellee had his object in view in offering them, and in so doing and in giving all the proceedings in distress in evidence, they were testimony in the cause.   These proceedings shewed a balance of rent in arrear to the appellant; they shewed his possession of the property under them at the time of the replevin and the right by which he then possessed it.   Whence the appellee in order to show that no rent was in arrear, and thus to rebut the *"prima facie"* case of the appellant introduced the testimony referred to.

The appellant further asserts in his argument, that if the instruction of the Court did throw the *onus* of proof on the appellee as to the rent in arrear, there was such a "total absence of testimony" on the part of the appellee respecting it, that no such instruction could be given. This is certainly an extraordinary position in view of the testimony in the cause.   In truth it must be apparent to the Court from all the facts in this cause, that the appellant by avowing in the replevin suit, could and ought to have tried the cause upon the merits then, which would have secured justice to all the parties and ascertained his

claim to rent; but refusing to do this then, the appellant would preclude the inquiry in this suit, and take from Stickle his whole crop of wheat; the appellant having gotten his share, as proven by the testimony, would here recover Stickle's share, being of the value of about five hundred dollars, for an alleged amount of rent of one hundred and seventy dollars, and which Stickle denied owing, and which upon the testimony in this cause was so found by the jury.

After stating the case, (*ante* pp. 313, 314,) Bowie, C. J., delivered the opinion of this Court as follows:

The first and second exceptions raise the question of how far the judgment in the action of replevin, concludes the obligors in the bond. The appellant contends, that wherever the title to property is in issue or might have been in issue in the original proceedings, that question becomes *"res adjudicata,"* and cannot afterwards in any subsequent proceedings be inquired into: he assimilates this to a case of *sci. fa.*, where any defence which might have been pleaded to the original action cannot be set up against the *sci. fa.*

In the case of *Belt vs. Worthington*, 3 *G. & J.*, 252, Archer, Justice, declared: "The object of the law in prescribing a replevin bond shall be entered into by a plaintiff before he should have the benefit of the writ, was only to give indemnity to the defendant. If in truth he had no right to the property at the time of the institution of the suit, the rejection of the evidence by putting it in his power to recover the value of the goods, would enable him to overreach a just measure of indemnity, and inflict a penalty which the law never contemplated." Repudiating the analogies sought to be established in that case, to judgments by default in actions on appeal bonds and money contracts, he said the action of replevin was *"sui generis,"*—"the recovery on the replevin bond ought to

be moulded in such a manner as will best subserve the principles of justice," * * * "the question (of admissibility of evidence) must always be regulated by a reference to the rights decided in the action, and the nature and character of the bond." In this case, the obligors in the replevin, were permitted after non-suit in replevin and judgment by default on the bond, to show in mitigation of damages, that they had title to the articles replevied. The same general principle is announced by STEPHEN, Justice, in the case of *Dugan vs. Tyson,* 6 *G. & J.,* 458. This principle is exemplified most strongly in the case of *Walter, use of Walter vs. Warfield et al.,* 2 *Gill,* 216. Where after judgment upon verdict rendered on pleas of *non cœpit,* and property in the defendant, and judgment for return of property in the action of replevin, upon an action on the replevin bond, against the obligors, the plaintiffs in the replevin, they, as defendants in the action on the bond, were permitted to show in mitigation of damages, that the property was not in the defendant, in the first action, and plaintiff in the second. This case was argued before ARCHER, DORSEY, CHAMBERS and SPENCE, J., and affirmed without dissent. In the more recent case of the *Cumberland Coal Co. vs Tilghman,* 13 *Md. Rep.,* 74, the same doctrine is forcibly expressed. The theory of the action of replevin is thus defined by the learned judge, who, delivering the opinion of the Court in this case, says: "In this State, the action is most *generally* resorted to, for the purpose of trying the right of possession at the time of the issuing of the writ, and not to determine necessarily the *absolute* title to the property for all time. And this being so, it follows that if the plaintiff, at the time of bringing the suit, has the right *to the possession,* he must succeed; or if he have it not, that his action must be defeated. Whoever is entitled to the possession, whatever may be his title in other respects, may maintain or defeat the action of replevin.

His right to success in the action of replevin, depending *entirely* on his right of possession, in reason it follows, that his title to damages must be confined to the extent of interference with that possession. If the right to the possession covers all time, or is limited to a determinate period, the damages will be accordingly graduated as the case may be. In the case now before this Court, the effort on the part of the defendants was to show, as alleged by them, in mitigation of damages, title in the Cumberland Coal and Iron Co. Now this they could not do, because that question was decided in the replevin suit. It was, however, competent to them to show that although the defendant in the replevin suit had title to the possession of the boat at the time of the judgment rendered in her favor, yet that title was but of short duration, and terminated by contract in a short time after that judgment. No such evidence was offered to the Court below.''

It is obvious from the theory and illustration given in the above extract, that the judgment in replevin, does not conclude the obligors in the bond, from proving by the proceedings in the cause, or *aliunde*, the character of the possessory right, upon which the plaintiffs in the action on the bond, recovered in the replevin suit. If from these it appears that the relation between the parties to the action in replevin, was that of landlord and tenant, cultivating or renting on shares, and that the subject of replevin was the crop then growing upon the farm of the landlord; such evidence shows a qualified property, or joint right of possession, which would defeat the action of replevin by the tenant, and at the same time diminish the claim for damages on the part of the landlord, founded on his *"prima facie"* right to the value of the appraisement, showing he was entitled to but a moiety of the same. Such testimony was proper to rebut the *"prima facie"* case of the plaintiffs on the bond.

41     v. 22.

His right to damages must be confined to the extent of his ownership over the property replevied. If as joint owner of the property, he was entitled to such possession, as precluded his tenant from replevying, and secured him a judgment of *"retorno habendo,"* yet his title was not so absolute and entire, as to entitle him to recover of the principal or surety, the full value of the property, or more than the value of his share of the crops. If we are correct in these premises, it necessarily follows, that the prayer offered on the part of the appellant was not proper, since it required the Court to instruct the jury that the appraisement was the measure of damages; this we have seen was but *"prima facie"* evidence subject to be rebutted by such testimony as was offered on the part of the appellee. The modification of the appellant's prayer by the Court, in our judgment, proposed the just standard of damages; and there being no error in the several rulings excepted to, the judgment below will be affirmed.

*Judgment affirmed.*

