Crabbs *vs.* Koontz.

*Order affirmed, and*
*cause remanded.*

(Decided 18th April, 1888.)

Albert D. Crabbs *vs.* Abraham J. Koontz and Henry Koontz.

*Action on Replevin bond—Evidence—Opinion of Witnesses as to Prospective profits—Mitigation of Damages—Nominal Damages.*

In an action on a replevin bond, where the property replevied was a steam engine, separator, and clover huller, it was Held:

1st. That the mere opinion of witnesses as to the prospective profits which the plaintiff might have realized from the use of the engine and thresher if the same had not been taken from his possession under the writ of replevin, is inadmissible, such evidence being too uncertain and speculative to furnish a safe guide to the jury in estimating damages.

2nd. That the replevin bond, being one of indemnity only, the defendants had the right in mitigation of damages to show that the engine and thresher did in fact belong to the plaintiff in the replevin; and that the title thereto was not determined in the replevin suit.

3rd. That as the evidence showed that the right of the plaintiff was possessory only, determinable on a demand by the plaintiff

in the replevin suit·for the return of the property, the obligors on the replevin bond were not answerable for any damages sustained by the former in consequence of his being deprived of the use of the property.

Where the judgment in a replevin suit is for the defendant, for the return of the property and costs, it is no defence to a suit on the bond that the plaintiff in replevin returned the property and paid the costs. The failure to prosecute the replevin suit with success renders the obligors liable at least to nominal damages.

APPEAL from the Circuit Court for Carroll County.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., YELLOTT, ROBINSON, IRVING, and BRYAN, J.

*William P. Maulsby*, for the appellant.

*Charles B. Roberts*, for the appellees.

ROBINSON, J., delivered the opinion of the Court.

The questions in this case arise in a suit on a replevin bond. The property replevied was a steam engine, separator and clover huller, and the judgment in replevin was for the defendant for a return of the property and costs. The property was returned and the costs of suit were paid, and the defendant in replevin now sues on the bond to recover damages in consequence of being deprived of the use of the property pending the replevin suit.

The question first to be considered is, whether the *opinion* of witnesses is admissible in evidence to prove the *prospective profits* which the plaintiff might have realized from the use of the engine and thresher, if the same had not been taken from his possession under the

Crabbs *vs.* Koontz.

writ of replevin. Such evidence as this, the mere opinion of witnesses as to future profits to be realized from operating a steam engine and thresher, is too uncertain and speculative to furnish a safe guide to the jury in estimating damages. Future profits depend of course upon the quantity of grain to be threshed, the price to be paid per bushel, the expenses of operating the engine and thresher—in a word, upon all the chances and hazards of business, and the opinion of witnesses in regard to such profits is at best but a mere conjecture. One may, no doubt, recover for loss of profits resulting directly and necessarily from the wrongful act of another, provided such profits be proved with reasonable certainty. And so it was decided in *Otto vs. Werner*, 40 *Md.*, 15, and *Lawson vs. Price*, 45 *Md.*, 123. But the mere opinion of witnesses as to future profits, is wanting in that element of certainty which the law requires as the basis for estimating damages. *Abbott vs. Gatch*, 13 *Md.*, 314. There was no error, then, in the rulings of the Court in the first to the fourteenth exception inclusive. We agree also with the Court, in its rulings on the evidence offered by the defendants. The replevin bond being one of indemnity only, the defendants had the right in mitigation of damages to show, that the engine and thresher did in fact belong to Koontz the plaintiff in replevin; and that the title thereto was not determined in the replevin suit. *Walter vs. Warfield*, 2 *Gill*, 216; *Cumberland Coal & Iron Comp. vs. Tilghman*, 13 *Md.*, 74; *Seldner vs. Smith and Wife*, 40 *Md.*, 602.

The title to personal property may be in one and the right of possession in another. To maintain an action of replevin, the plaintiff must prove his right to the possession of the property at the time of issuing the writ, and a judgment for the defendant does not necessarily determine the title to the property. And

in an action on the bond, the obligors may show in reduction of damages, that the title to the property was not passed upon in the replevin suit, and that the right of the defendant is merely a possessory right. The justice of this well settled rule is strikingly illustrated in this case. Here Koontz the plaintiff in replevin, sold the engine and thresher to the defendant for the sum of eight hundred dollars on certain conditions, that is to say, he made a conditional sale, by the terms of which the title was to remain in Koontz until the whole purchase money was paid, and the conditions of the sale not having been complied with, he replevied the property. The replevin suit was tried before the Court, without the intervention of a jury, and the Court being of opinion that the plaintiff ought under the circumstances to have made a demand on the defendant for a return of the property, before suing out the writ of replevin, judgment was rendered for the defendant. In other words, the Court decided that the defendant was entitled to the possession of the property, until a demand was made by the plaintiff for its return. Now in an action on the replevin bond to recover damages alleged to have been sustained by the defendant in consequence of being deprived of the use of the engine and thresher, the obligors have the right to prove in reduction of damages, that the defendant had but a possessory right, liable to be determined at any time upon the demand by Koontz, the principal obligor, for a return of the property. Besides, the proof shows that the appellant had the possession of the engine and thresher for two seasons, and realized from its use a profit of eight hundred dollars, and yet during all this time, he only paid one hundred and seventy-five dollars to Koontz on account of the purchase money. And when the writ of replevin was served upon him by the sheriff, he admitted the property belonged to Koontz, and told the sheriff to take it.

Crabbs *vs.* Koontz.

We come then to the instructions granted by the Court. Now if Koontz sold the engine and thresher to appellant upon the express condition that the title was to remain in him, Koontz, until the purchase money was paid, and the defendant failed to pay the purchase money according to the terms of sale, Koontz was clearly entitled upon a demand at least to the possession of the property. And although the judgment in the replevin suit was for the defendant for a return of the property and costs, yet if Koontz in pursuance of the judgment, returned the property and paid the costs, the bond under such circumstances is liable only for nominal damages. The obligors are not answerable for damages alleged to have been sustained by the appellant in consequence of being deprived of the use of the property, because he had but a *possessory right determinable upon a demand by Koontz*, for a return of the property. And if the Court had stopped here, there would be no ground for reversing the judgment. But in granting the fifth prayer the Court instructed the jury, that the replevin bond, being one of indemnity only, the verdict must be for the defendants, unless the jury should find that the plaintiff had sustained *actual damages* from the taking of the steam engine and thresher under the writ of replevin.

The conditions of the bond sued on are:

1st. That Koontz shall prosecute the writ of replevin with effect;

2dly. That he shall return the property if the same be adjudged; and

3dly. That he shall perform and fulfil the judgment of the Court in the premises.

These are separate and independent conditions, and for a breach of any one of these conditions the bond is liable. To prosecute with effect, means that the plaintiff shall prosecute his suit with success, that is to

---
Crabbs *vs.* Koontz.
---

say, shall show he had the right to take the property under the writ of replevin. And if he fails to do so, there is a breach of the bond for which the sureties are answerable. Where the judgment is for the defendant for the return of the property and costs, it is no answer to a suit on the bond to say the plaintiff in replevin returned the property and paid the costs. In many cases the value of the property may in a measure depend upon its use, and the return of it to the defendant after a protracted litigation is not the full compensation to which he may be justly entitled. In this case the appellant is not, it is true, for the reasons we have stated, entitled to damages for being deprived of the use of the engine and thresher; but inasmuch as the property was taken from him by Koontz under the writ of replevin unlawfully, that is to say, without the legal right to take it, he is entitled at least to *nominal damages.* But agreeing as we do with the Court in its rulings upon all other questions in the record, and being of opinion that the appellant is only entitled to recover nominal damages upon the facts in this case, we shall reverse the judgment with costs above and below, without awarding a new trial.

*Judgment reversed, without*
*awarding a new trial.*

(Decided 20th April, 1888.)

BRYAN, J., dissented.