# MEMORANDA

OF CASES DECIDED DURING THE PERIOD COMPRISED IN THIS VOLUME
AND DESIGNATED BY THE COURT "NOT TO BE
REPORTED."

---

## STANDARD HORSESHOE COMPANY *vs.* BERNARD J. O'BRIEN.

*Fraud—Purchase by Insolvent—Instructions.*

Appeal from a judgment of the Superior Court of Baltimore City (DOBLER, J.) *Affirmed.*

At the trial the plaintiff's fifth prayer, which was granted, asked the Court to rule that " If the Court sitting as a jury shall find from the evidence that when the defendant O'Brien bought from the plaintiff the goods replevied in this case (if it shall so find) or similar goods greater in amount than those replevied, he said O'Brien was insolvent, and knew that he was insolvent and had no reasonable expectation of paying for the goods purchased then the verdict of the Court so sitting must be for the plaintiff, even though the Court may find that the goods so bought as aforesaid were so intermingled by the defendant O'Brien with other goods of the same kind bought by said O'Brien from the plaintiff and others as to be indistinguishable therefrom."

The defendant's first prayer, which was granted, asked that if the Court found that at the time of the purchases of the horseshoes in controversy, O'Brien honestly intended to pay for the same in accordance with his contract with the plaintiff and believed, in the *bona fide* exercise of his judgment that he had a reasonable expectation of being able to do so and further finds that said sales were not induced by any fraudulent misrepresentation, concealment or deceit on the part of said O'Brien, then the plaintiff is not entitled to recover.

A former appeal in this case is reported in 88 Md. 337,

where the facts are stated in the opinion of the Court, which remanded the case for a new trial.

The Court said : All the evidence taken at the first trial was again offered, and is now before the Court. New evidence was also taken, and it is claimed that this so changes the character of the points presented as to require a reversal of the judgment last rendered. After a careful examination of all the evidence we cannot perceive that a legally different case is now made out than was determined in the former appeal. In the first appeal, the appellant claimed to rescind the contract, solely upon the ground that the horseshoes had been fraudulently purchased by the defendant. This contention was based, 1st, upon O'Brien's representations to Cook, the agent of the appellant, and 2nd, that at the time of the purchase of the articles which were the subject of the suit, O'Brien was insolvent, knew himself to be so, and had no reasonable expectation of paying for the goods purchased. This Court held that according to the testimony then before the Court " the statement " made by O'Brien to Cook was strictly true, also that if the purchase for the articles then in dispute was made by O'Brien when he " was insolvent and knew he was insolvent " and had no reasonable expectation of paying for the goods purchased, he committed a fraud which authorized the plaintiff to rescind the contract of sale.

What O'Brien told Cook, which, it is said, induced the appellant to give him credit, it appears in the opinion of the Court in the former case that he, O'Brien, had a cash capital of $2,000, which had been contributed by Amos, and that Amos was backing him and was to have a share in the profits. In his additional statement he now says, that O'Brien told him " in so many words that Amos was his partner." If that was untrue, and was told by O'Brien with intent to deceive, and did actually deceive the appellant, then O'Brien committed a fraud, and the appellant had the right to rescind. But, if O'Brien acted in good faith, and honestly stated the facts as he believed them to exist, although he may have been mistaken and his conclu-

sions wrong, he did not act fraudulently or deceitfully. *McAleer* v. *Horsey*, 35 Md. 439. Whether there was a relation of partnership between himself and Amos, was then a question of law, upon which one of the partners in full possession of the facts could form a judgment as well as the other. In any prayer therefore by which it was intended to present this phase of the case, it should have been submitted to the jury to find not only the falsity of the statement, but also, whether it was fraudulently made. And this being so the plaintiffs 1st, 2nd, 2½, 4th and 7th prayers having ignored the question of fraud were properly rejected.

It is contended, however, that the fourth prayer ought to have been granted, even though the misrepresentation was honestly made by O'Brien because it is alleged that the appellant was led by the misrepresentation to suppose that it was selling to a partnership, when in fact there was none, and therefore it might legally say there is no contract, and replevy the goods. This position as applied to this case is liable to two objections. First, there is no evidence to support it. Cook testified that by virtue of his statements, that he was backed by Amos, that Amos was to have a share in the profits, and that Amos had contributed $2,000 he (Cook) determined to give him (O'Brien) the desired credit. It is clear the credit was given to O'Brien, though it may be possible, even probable, that the appellant believed that he would have Amos' backing as a partner in meeting his payments. It was also objectionable from the fact the prayer ignores all the testimony tending to show that Cook, having had a full conversation with Amos, was fully informed in respect to the latter's relations to O'Brien. The appellant's counsel contend there is no such evidence, but we think there is. Cook testifies that he had a conversation with Amos in the fall of 1896, and Amos testifies that he remembered having a conversation at that time with some one representing the appellant, and that he then told him what his (Amos') "connection with O'Brien was." As no other representation of the appellant was mentioned

in connection with the matter, the jury was at liberty to infer, if they saw fit, that Cook was the person referred to. If they did so find, the knowledge of Cook became that of the appellant, and it could not then contend in the face of Amos' statement, that the appellant was misled by O'Brien, and had acted in ignorance of the exact state of affairs. These remarks apply also to the modification made by the Court in the plaintiff's third prayer. The sixth prayer was properly rejected for the reasons assigned in *Diggs* v. *Denny*, 86 Md. 116. We are of the opinion that the case was fairly submitted to the jury by the granting of the fifth prayer of the plaintiff and the first of the defendant. Finding no error, the judgment will be affirmed.

Opinion by PAGE, J., filed April 5th, 1900.

*Richard Bernard* and *Alfred S. Niles* for the appellant. *S. S. Field* (with whom was *Harry C. Gaither* on the brief), for the appellee.