## THE FIDELITY AND DEPOSIT CO. OF MD. *vs.* FRANK O. SINGER, JR., AND B. J. O'BRIEN, USE OF FRANK O. SINGER, JR., TRUSTEE.

*Liability of Surety on a Replevin Bond—Entry of Suit on Bond to the Use of a Party Not Named as Obligee—Different Persons in the Eye of the Law.*

A surety in a replevin bond is not liable thereon to any other person than the obligees named therein, who are the persons with whom the contract is made, and when an action on the bond is entered to the use of a third party, such party can recover only such damages as were sustained by the obligee and not the amount of loss suffered by himself, since the assignee of a bond can have no greater rights against the surety than the assignor had.

When a replevin bond is given to an individual and an action thereon is entered to his use as trustee under a deed, the trustee is not the same person in the eye of the law as the individual, and cannot recover from the surety on the bond a greater amount than the individual would be entitled to recover.

After making a purchase of goods on credit, the purchaser, A., became insolvent and made an assignment for the benefit of his creditors to B. The seller of the goods brought an action of replevin and the goods were delivered to him under the writ. The replevin bond, which was executed by the defendant as surety, named A. and B. in their individual capacities as the obligees. The replevin suit resulted in a verdict in favor of the defendants for a return of the property replevied or a certain sum of money being the value thereof. The action in this case was brought by A. and B. to the use of B. as trustee of A. against the surety on the replevin bond to recover the value of the property and there was a judgment by default for want of a plea. Upon empanelling a jury to assess damages, the evidence showed that neither A. nor B. claimed or possessed any interest in the goods in their individual capacities, but that the entire property was claimed by B. as trustee for the creditors of A. *Held,*

1st. That since B., as trustee, was not named as obligee in the bond and the same was executed to A. and B. individually and was merely a bond of indemnity, they could not recover more than nominal damages, under the default, as they had no personal interest in the property replevied.

2nd. That B., as trustee for the creditors of A., is in law a different person from B. as an individual, and the fact that the suit on the bond was

to the use of B. as trustee, when he was not in that capacity an obligee, does not authorize him to recover more damages than he could have recovered as an individual.

Appeal from the Superior Court of Baltimore City (DOB-LER, J.)

The cause was argued before McSHERRY, C. J., FOWLER, BOYD and SCHMUCKER, JJ.

*Richard Bernard* and *Alfred S. Niles* (with whom were *Oscar Wolff* and *A. D. Bernard* on the brief), for the appellant.

*S. S. Field* (with whom was *H. C. Gaither* on the brief), for the appellees.

McSHERRY, C. J. delivered the opinion of the Court.

A branch of this litigation has been in this Court twice before *sub nomine, Standard Horse Shoe Co.* v. *O'Brien,* 88 Md. 335, and 91 Md. 751. Some time in eighteen hundred and ninety-seven Bernard J. O'Brien, who carried on business as O'Brien & Company, purchased several hundred kegs of horse shoes from the Standard Horse Shoe Company, but did not pay for them. Shortly afterwards O'Brien, being insolvent, executed an assignment for the benefit of his creditors to Frank O. Singer, Jr., trustee. Within a week thereafter the Standard Horse Shoe Company sued out a writ of replevin in the Superior Court of Baltimore City against O'Brien and Singer and took thereunder from Singer four hundred and odd kegs of those horse shoes. O'Brien was returned *non est.* When the writ was sued out the plaintiff, the Standard Horse Shoe Company, filed, as it was required to do, a replevin bond in which Bernard J. O'Brien and Frank O. Singer, Jr., were named as the obligees and upon which the appellant in this case, the Fidelity and Deposit Company of Maryland, was the sole surety. The replevin case went to trial upon issues involving the plaintiff's title to the horse shoes. In the view we take of the pending appeal it will not be necessary to advert any

farther to the pleadings or the contentions of the parties in the replevin suit. It is sufficient for the purposes of this discussion to say that the trial of the replevin case resulted in a verdict and judgment for the defendants, O'Brien and Singer, for a return of the property seized under the writ of replevin. From that judgment an appeal was taken to this Court. Upon the hearing of that appeal the judgment of the Superior Court was reversed and a new trial was awarded. *88 Md. 335.* The record was remanded and a new trial was had, which also resulted in a verdict and judgment in favor of the defendants for a return of the property or eleven hundred and eleven dollars and seventy-five cents, the value thereof, as ascertained by the jury, and one cent damages and costs. Another appeal was taken, but the judgment appealed against was affirmed, *91 Md. 751.* On July the seventh, nineteen hundred, the suit in the pending case was brought by Frank O. Singer, Jr., and Bernard J. O'Brien, to the use of Frank O. Singer, Jr., trustee of said O'Brien, against the Fidelity and Deposit Company, the surety on the replevin bond, to recover the value of the replevied property as ascertained by the verdict already mentioned. To the declaration several pleas were filed, but they were held insufficient by the Court below, and a judgment by default for the want of a sufficient defense was entered against the Fidelity Company. The latter demanded that the damages should be assessed by a jury. Accordingly a jury was empanelled and evidence was adduced and prayers for instructions to the jury were presented by both the plaintiffs and defendant. Some of the prayers of the plaintiffs were granted, but all of those submitted by the defendant were rejected, though one was modified by the Court and then granted as modified. To those rulings the defendant excepted and upon the entry of a judgment against it, it brought up the record in this appeal.

Passing by the various questions raised by the several prayers, other than the one involved in the appellant's fourth prayer, and passing them by because though they are quite interesting they are not necessary to be considered in dispos-

ing of this appeal, we come at once to the appellant's fourth prayer, which was rejected. By that prayer the Fidelity Company asked the Court to instruct the jury "that there is no legally sufficient evidence in this case to show that the plaintiffs suffered any actual damages by reason of the replevin suit mentioned in the bond which is sued on in this case, and that the verdict of the jury must be for the plaintiffs for nominal damages only together with costs." The uncontradicted evidence showed that neither Frank O. Singer, Jr., nor Bernard J. O'Brien in their individual capacities claimed any interest in the goods replevied, but that Singer claimed the entire property in the goods *as trustee for the creditors of O'Brien* under the deed of trust hereinbefore alluded to. And the question is : Inasmuch as O'Brien and Singer as individuals had no interest in or right to the horse shoes seized under the writ of replevin, can a suit be maintained in their names for the use of Singer, trustee for the creditors of O'Brien, against the surety on the replevin bond ? Whilst O'Brien and Singer are the obligees named in the bond, can a recovery be had upon the bond in a suit brought in their names for the use of Singer, trustee, if the latter is essentially a different person from Singer individually ? Singer as trustee is not named in the bond at all.

The contract of a surety on a replevin bond is a contract of indemnity and nothing more. *Belt* v. *Worthington et al.*, 3 G. & J. 247. The surety undertakes and agrees to hold ·the obligee named in the bond harmless, that is, to see that the goods are returned or their value paid to the obligee by the principal in the bond, if the replevin suit be not prosecuted with effect and if the obligee be entitled to the goods or to their value. If the obligee has no interest in or right to the possession of the goods a deprivation of them or of the possession of them can do him no substantial injury. A surety is never bound beyond the terms of his contract, and this means, not only that he is not liable for a larger undertaking than he has assumed, but that he is not answerable to any other person than the one with whom the contract was made.

A replevin bond is not, like a trustee's or executor's bond, payable to the State for the use of anyone who may be or may become interested in the fund or in the estate, but is payable to the defendant in the replevin suit. Whilst a suit on it may be entered by the obligee to the use of another person, the obvious measure of the sum recoverable is the extent of the damages which the obligee might exact, and is not the amount which the equitable plaintiff, who is not a party to the bond, has sustained. If this were not so, a person *not* indemnified by the bond because not named as obligee, could recover against the surety on the bond a sum in excess of that which the obligee himself could recover. The surety would thus be held bound to a person with whom he did not contract, and in addition he would be made liable to the latter in a larger amount than to the person with whom he did contract. This cannot be, and hence it is clear that the extent of the right which the person to whose use the suit on the replevin bond is brought may have in the property replevied is not the measure of the surety's liability; but the extent of the right of the obligee in that property is the true measure of that liability. The assignee of the bond can have no greater rights than the assignor had. Whilst this is clear upon principle it is also settled by adjudged cases. In *Walter, use of Susanna Walter* v. *Warfield et al.*, 2 Gill, 216, nearly the identical case now at bar was presented. That was an action of debt on a replevin bond. The bond had been given by Warfield and his sureties to John Walter to prosecute an action of replevin instituted by Warfield and Mactier against Walter. The property was replevied and delivered to the plaintiffs. In the replevin suit Walter pleaded *non cepit* and property in Susanna Walter. The verdict was for the defendant, Walter, and a judgment was entered for a return of the property. The property not being returned suit was brought by Walter on the replevin bond and the case was entered to the use of Susanna Walter. During the trial the defendants, Warfield and his sureties, offered to show that the property in question was not in the plaintiff, John Walter, at the institution of the

action of replevin, but was then in Susanna Walter, the very person to whose use the suit on the replevin bond had been entered; but the plaintiff, John Walter, objected to the admissibility of the evidence. The Court overruled the objection and admitted the evidence in mitigation of damages, whereupon the plaintiff excepted. In the second exception the County Court directed the jury " that the plaintiff can recover in this action only the amount of damages sustained by him personally, in consequence of the taking of the property from his possession." To this ruling the plaintiff also excepted. In the third exception the plaintiff asked the Court to instruct the jury that on the evidence given in the cause the plaintiff was entitled to recover from the principal and sureties on the replevin bond, the value of the property mentioned in the schedule notwithstanding they might find that at the date of the institution of the replevin suit and at the date of bringing suit on the bond, the title to the property was in Susanna Walter or any other person. The trial Court refused to give that instruction and the plaintiff excepted. The verdict and judgment being for a much less sum than the value of the property the plaintiff appealed, and on appeal the judgment and rulings of the trial Court were affirmed. If Susanna Walter, to whose use the suit on the replevin bond had been entered, had been entitled, by reason of her being the owner of the property, to recover more damages than John Walter, the obligee in the bond could have recovered, the rulings in all three exceptions would have been wrong and the judgment would inevitably have been reversed instead of being affirmed. The affirmance of those rulings and the subsequent refusal to permit a reargument of the case, distinctly decided that the obligee in the bond could only recover the amount of damages sustained by him *personally,* and that the party to whose use the suit had been entered through the actual owner of the property, could not recover from the makers of the bond more damages than the obligee was entitled to. This case was decided fifty-seven years ago and has never been questioned but has been affirmed in *Mason* v. *Sumner,* 22 Md. 320;

*Seldner* v. *Smith*, 40 Md. 614; *Crabbs* v. *Koontz*, 69 Md. 61.

If the person for whose use the suit on the replevin bond sued on in this case was brought is a different person from either of those named as obligees in the bond, we have the precise situation with which the Court dealt in *Walter* v. *Warfield;* and following the decision made in that case we would be constrained to hold in this, that such third party cannot recover from the surety on the replevin bond more than the obligees could have recovered had the suit not been entered to, or brought for the use of such third party. We, therefore, come to the inquiry: Is *Frank O. Singer, Jr.,* individually—for it is in his individual capacity that he is named in the bond—the same person in contemplation of law as *Frank O. Singer, Jr., trustee of Bernard J. O'Brien;* for it is in the latter capacity that the suit is sought to be maintained for his benefit. Frank O. Singer named in the· bond is the same natural person as Frank O. Singer, trustee; but the rights which he has in his individual capacity are quite distrinct from those which he has in his representative capacity. A judgment in his favor on a cause of action held by him in the one capacity could no more enure to his benefit in the other capacity, than would a judgment against him as an individual affect assets which he held as trustee. It is not the accidental personal identity of the individual that determines whether in the eye of the law he is to be treated as in reality the same person ; but in determining whether or not he is to be so treated reference must be had to the capacity or character in which he asserts a particular right. Thus, by the common law a man became civilly dead when he entered a monastery and became a professed monk. When entering into religion he might, like a person dying a natural death, make his testament and appoint his executors ; and such executors had the same power and might bring the same actions for debts due *to* the religious and were liable to the same actions for those due *from* him, as if he were naturally deceased. Blackstone informs us that " so far has this principle been carried, that where one was

bound in a bond to an abbot and his successors, and after-
wards made his executors and professed himself a monk of
the same abbey and in process of time was himself made abbot
thereof; here the law gave him, in the capacity of abbot, an
action of debt against his own executors to recover the money
due." 1 *Bl. Com.*, 132. This is a quaint but a striking illus-
tration of the fact that it is the capacity or character, and not
the mere personal identity, of the individual which determines
whether though physically the same being he is or is not a
different person in the eye of the law. Coming nearer to the
present time we find the case of *Wright, Ex.*, v. *Gilbert, Ex.*,
51 Md. 146. In that case these facts appeared: Thomas
Wright and William Wright as *executors*, instituted suit against
Stephen Gilbert and William Gilbert. Subsequently, in Octo-
ber, 1877, and in March, 1878, leave was obtained to amend
the titling, *narr.* and writ, and a new *narr.* was filed in the
name of Thomas Wright, *administrator* of William Wright.
The Code provides, and then provided, that writs may be
amended from one form of action to another, and that in mak-
ing amendments for the non-joinder or the mis-joinder of
parties, entire *new* parties, either plaintiffs or defendants, can-
not be introduced, but that some one of the *original* plaintiffs,
or some one of the original defendants must remain parties to
the action, and that in no case of an amendment can entire
new parties be made. In discussing the amendment made in
*Wright* v. *Gilbert* this Court said: " Now by the amendments
made on the 15th day of October, 1877, and on the 20th day
of March, 1878, an entirely new party plaintiff was made. It
is true that he is the same natural person, who was one of
the original plaintiffs, but by the amendment he seeks to main-
tain the suit in a new and different character and capacity,
and under a different right. The suit was originally instituted
by him jointly with another in their capacity as executors of
the last will. By the amendment the appellant became sole
plaintiff, in a new and distinct capacity, as administrator, under
and by virtue of letters granted to him by the Orphans' Court
of Cecil County, thereby making an entire new party plaintiff

contrary to the *29th section* of the Code before cited." We think it clear that Singer, trustee, is in law a different person from Singer individually, and being different the fact that the suit was brought to his use as trustee, when he was not in that capacity, an obligee in the bond, does not authorize him to recover more than he could have recovered in the same suit had the use not been entered.

He was not without a remedy when the goods were taken under the replevin. Not having been made a defendant in his capacity as trustee, he could, after the horse shoes had been replevied and had been delivered to the plaintiff, the Standard Horse Shoe Company, have replevied them in his capacity as trustee. *Powell* v. *Bradlee*, 9 G. & J. 220; *Cromwell* v. *Owings*, 7 H. & J. 55; 20 *Am. & Eng. Ency. Law*, 1074, 1st ed.

As the real plaintiffs in the case could, under the circumstances stated, only have recovered nominal damages—the judgment for the want of a sufficient plea having established that right—so the person to whose use the suit was brought must be restricted to the same measure of damages. Consequently the fourth prayer of the defendant ought to have been granted. There was, therefore, an error committed in rejecting it and because of that error the judgment, which was in favor of the plaintiffs for the penalty of the bond to be released on the payment of twelve hundred and twenty-two dollars and fifteen cents, must be reversed. As nothing more than nominal damages can be recovered against the surety on the bond we will follow the precedent set in *Crabbs* v. *Koontz, supra*, and not award a new trial.

> *Judgment reversed with costs in this Court, without awarding a new trial. The costs in the Court below to be paid by the appellant.*

(Decided December 5th, 1901.)