[S. F. No. 1256. Department One.—March 4, 1898.]

HENRY MELDE, Respondent, v. JOHN REYNOLDS, Appellant.

Appeal—Time for Appeal from Judgment—Amendment of Code not Retroactive.—The amendment of section 939 of the Code of Civil Procedure, made in 1897, limiting the time for appeal from a judgment to the period of six months, was not retroactive, and does not apply to a judgment entered before it took effect; but the times within which an appeal can be taken is governed by the statute in force at the time of the entry of the judgment.

Id.—Appeal from New Trial Order—Authentication of Affidavits—Bill of Exceptions.—Upon appeal from an order denying a new trial, affidavits used upon the hearing of the motion must be incorporated in a bill of exceptions under rule XXIX of this court, else they cannot be considered on the appeal; and a certificate of the judge authenticating certain affidavits as having been used upon the hearing of the motion, without showing that these were all the papers used at the hearing, is an insufficient authentication. The clerk is not au-

thorized by law to certify that any affidavits were used upon the hearing of the motion for a new trial, and affidavits authenticated by him only are not properly authenticated, and cannot be considered upon the appeal. ·

ID.—NONAPPEALABLE ORDER STRIKING OUT AMENDED AFFIDAVITS—DISMISSAL—REVIEW OF NEW TRIAL ORDER.—An order striking from the files amended affidavits filed in support of a motion for a new trial, after it had been made, and while it was pending, is not appealable, and an appeal therefrom must be dismissed; but where such affidavits are incorporated in a bill of exceptions, showing the action of the court in refusing to consider the affidavits upon the hearing of the motion for a new trial, such bill of exceptions constitutes part of the record on appeal from the order denying the new trial, and the action of the court in striking out the affidavits may be reviewed upon such appeal.

ID.—MERITS OF RULING NOT CONSIDERED UPON MOTION TO DISMISS.—The bill of exceptions cannot be looked into for the purpose of determining the merits of the ruling of the court, in striking out the amended affidavits, in advance of the determination of the appeal from the new trial order; but it must be assumed, upon motion to dismiss the appeal from the order denying the new trial, that the exception was taken in good faith.

MOTION to dismiss appeals from a judgment of the Superior Court of the City and County of San Francisco, from an order denying a new trial, and from an order striking out amended affidavits. John Hunt, Judge.

The facts are stated in the opinion of the court.

Smith & Murasky, and William J. Herrin, for Appellant.

Dorn & Dorn, and Carson & Savage, for Respondent.

HARRISON, J.—Motion to dismiss the appeals. Judgment in this action was rendered in favor of the plaintiff, and against the defendant, April 26, 1897. June 1st the defendant gave notice of intention to move for a new trial, upon the ground of "accident and surprise which ordinary prudence could not have guarded against." November 4th the court made an order denying the defendant's motion for a new trial. November 6th the defendant appealed from the judgment and order denying a new trial. Plaintiff now moves to dismiss the appeal from the judgment, upon the ground that it was not taken within six months from its entry, and also to dismiss the appeal from the order denying a new trial, upon the ground that the record contains no

bill of exceptions setting forth the papers or other matters upon which the motion was heard.

1. Section 939 of the Code of Civil Procedure, as amended in 1897 (Stats. 1897, p. 55), did not take effect until after the entry of the judgment herein, and the time within which an appeal could be taken is governed by the statute in force at the entry of the judgment. (*Pignaz v. Burnett,* 119 Cal. 157.)

2. Section 661 of the Code of Civil Procedure declares: "The judgment-roll and the affidavits, or bill of exceptions, or statement, as the case may be, used on the hearing, with a copy of the order made, shall constitute the record to be used on appeal from the order granting or refusing a new trial"; and section 952 of the Code of Civil Procedure provides: "On the appeal from an order granting or refusing a new trial, the appellant must furnish the court with a copy of the notice of appeal, of the order appealed from, and of the papers designated in section 661 of this code." Rule XXIX of this court is as follows: "In all cases of appeal to this court from the orders of the superior courts the papers and evidence used or taken on the hearing of the motion must be authenticated by incorporating the same in a bill of exceptions, except where another mode of authentication is provided by law."

If the transcript contains no record upon which the appeal can be heard, the correctness of the order appealed from is not reviewable, and the appeal will be dismissed. (*Larkin v. Larkin,* 76 Cal. 323.)

In the transcript herein there is printed certain matter entitled: "Defendant's affidavits on motion for a new trial," followed by copies of four affidavits, after which is the following:

"Endorsed. Affidavits of John Reynolds, F. J. Murasky and Charles W. Lynch, and Charles W. Lynch, used on hearing of the motion for a new trial.

"September 24, 1897.        JOHN HUNT, Judge."

Immediately following this in the transcript is printed: "Counter affidavits for plaintiff to defendant's motion for a new trial," followed by copies of six affidavits; after which is the following:

"The within and foregoing affidavits of Henry Melde, M. R. Dorn, D. S. Dorn, Theodore Savage, George D. Shadburne and

Andrew Y. Wood were read and used by plaintiff upon the hearing of defendant's motion for a new trial herein.

"September 24, 1897.

"CHARLES F. CURRY, Clerk,

"By A. A. Watson, Deputy Clerk."

When a motion for a new trial is made upon the ground of accident or surprise, it must be made upon affidavits (Code Civ. Proc., sec. 658); but whether an affidavit was "used on the hearing" can be determined only by the judge before whom the hearing was had, and as there is no other mode provided by law for authenticating the affidavits which may be used on the hearing of the motion, under rule XXIX, they cannot be considered on the appeal unless they are incorporated into a bill of exceptions. (*Herrlich v. McDonald,* 80 Cal. 472; *Von Glahn v. Brennan,* 81 Cal. 261; *Spreckels v. Spreckels,* 114 Cal. 60.) A bill of exceptions, settled as directed by section 651 of the Code of Civil Procedure, would contain all the affidavits upon which the judge acted in making the order, but the indorsement by him upon certain affidavits that they were used at the hearing of the motion does not make them the record of the papers upon which the motion was heard, since it does not appear thereby that these were all the papers used at the hearing. (*Shain v. Eikerenkotter,* 88 Cal. 13.) There is good reason for believing that in the present case the affidavits certified to by the clerk were used on the hearing of the motion, but as they are not properly authenticated they cannot be considered upon this appeal. It is not within the functions of the clerk to certify or determine what papers were used on the hearing of the motion; his functions, under section 953 of the Code of Civil Procedure, are limited to certifying to the correctness of the copies of the papers designated in the previous sections as forming the record on appeal. As he is not authorized by law to certify to this fact, his certificate can have no greater force than that of a bystander who was present at the hearing.

After the motion for a new trial had been made, and while it was pending before the court, the defendant filed certain affidavits indorsed, "Amended affidavits on motion for a new trial herein," and on September 21st, on motion of the plaintiff, the court made an order striking these affidavits from the files. A bill of exceptions containing these affidavits, and showing this ac-

tion of the court and that it refused to consider the affidavits, is printed in the transcript, and constitutes a part of the record upon which the correctness of the order denying a new trial is to be determined. The order striking the affidavits from the files is not an appealable order, but may be reviewed upon the appeal from the order denying the motion upon which the defendant sought to have them considered. We cannot say that the court would have denied the motion for a new trial if it had considered these affidavits, and until the hearing upon the appeal we cannot determine whether it erred in refusing to consider them. Upon a motion to dismiss the appeal we cannot look into this bill of exceptions for the purpose of determining whether the court erred in its ruling (*Randall v. Duff*, 104 Cal. 126, 43 Am. St. Rep. 79), but must assume that the exception was taken in good faith.

The appeal from the order striking the amended affidavits from the files is dismissed. The motion to dismiss the appeal from the judgment and from the order denying a new trial is denied.

Garoutte, J., and Van Fleet, J., concurred.