## FRANK O. SINGER, JR., ET AL. *vs.* THE FIDELITY AND DEPOSIT CO. OF MD.

*Costs—Allowance of Counsel Fee When Judgment is Reversed.*

The Act of 1898, ch. 123, sec. 315, provides that when a defendant in certain actions of contract shall deny under oath the claim of the plaintiff and the latter nevertheless recovers a judgment, the Court may then allow the plaintiff a counsel fee not exceeding $100 in addition to the

costs of the suit.   Such counsel fee was allowed to a plaintiff, but upon appeal the judgment was reversed without a new trial, and  this Court directed the costs in the trial Court to be paid by the defendant.  *Held*, that since the allowance of the counsel fee to a  plaintiff is conditioned upon his obtaining a judgment against  the  defendant, and since the plaintiff's judgment in this case was reversed, he is not entitled to the fee so allowed, which is not a part of the ordinary costs of the suit.

Appeal from  the  Superior  Court  of  Baltimore   City, (WRIGHT, J.)

The cause was submitted to the Court on briefs by :

*S. S. Field* and *H. C. Gaither*, for the appellants.

*A. S. Niles* and *Richard Bernard & Son*, for  the  appellee.

SCHMUCKER, J., delivered the opinion of the Court.

The controversy of which this appeal is an  incident  has been before us on three previous occasions.   It  originated  in a replevin issued out of the Superior Court of  Baltimore City by the  Standard  Horseshoe  Company against  Bernard. J. O'Brien aud Frank O. Singer, Jr., to whom  he  had  made  a deed of trust for the benefit of his creditors.

The first trial of the replevin suit resulted in a  judgment for the defendants which was reversed, on appeal,  by  this Court and the case remanded for a new trial in *The  Standard Horseshoe Co.* v. *O'Brien et al.*, 88 Md. 335.   The second trial also resulted in a judgment for the defendants which was affirmed by this Court in 91 Md. 751.   O'Brien and Singer then brought suit, to the use of Singer as trustee, in the same Court against the present appellee, the  Fidelity and  Deposit Co., as surety on the replevin bond and recovered a  judgment which we reversed without awarding a  new trial  in 94 Md. 124.   In reversing this judgment we directed  the  costs in the Superior Court to be paid by the  Fidelity and Deposit Company.

When the suit on the replevin bond was  instituted  in  the

Superior Court against that company it disputed under oath the entire claim of the plaintiff. When it lost the case the Court, after the entry of the judgment, passed an order allowing the plaintiffs a counsel fee of $100 in exercise of the power conferred on it by sec. 315 of ch. 123 of the Acts of 1898, which reads as follows: "If the defendant shall dispute the whole or any part of the plaintiff's demand, in any action brought under the provisions of the three foregoing sections, and upon trial of the case the plaintiff shall recover a judgment for any portion of the demand so disputed, then the plaintiff shall be allowed, *in addition to the costs of the suit* reasonable counsel fees to be fixed by the Court, said fees to be not less than twenty-five dollars, nor more than one hundred dollars."

After the reversal by us of the judgment on the replevin bond the Fidelity and Deposit Company paid all of the costs in the Superior Court of that suit but declined to pay the $100 counsel fee allowed by that Court to the plaintiffs. The plaintiffs, who are the present appellants, thereupon directed the clerk to issue a *fi. fa.* for the counsel fee. The clerk issued a *fi. fa.* for the entire costs including the counsel fee endorsing on the writ a credit for the costs already paid by the appellee leaving a balance due under the writ of $100.

The defendant filed in the Superior Court a motion to quash this writ, which motion the Court granted asserting in its order that the counsel fee was not part of the costs but was an incident to the judgment and became nullified by the reversal of the latter upon the appeal. From that order the present appeal was taken.

The appellant contends that the counsel fee in question must be treated and considered as part of the costs of the case in the Superior Court which we by our decision in 94 Md. 132 required the Fidelity and Deposit Company to pay. In making disposition of the costs of the case when it was then before us we did not have in mind this counsel fee of $100 allowed to the plaintiff in the Court below as the fact of its allowance had not at that time been brought to our attention.

It is therefore not payable by the present appellee by virtue of the disposition of the costs there made by us unless its falls properly within the description of costs of the suit.

It is well settled in this State than the costs of a suit do not, apart from statutory direction include the counsel fees of the successful party.   *Wallis* v. *Dilley*, 7 Md. 249; *Corner* v. *McIntosh*, 48 Md. 390; *Wood* v. *State*, 66 Md. 68.

When we turn to the statute authorizing the allowance of the counsel fee now under consideration it is quite plain from the language there used that the fee was intended to be imposed upon the defendant apart from and in addition to the ordinary costs of suit, which under our system of practice follow the judgment in cases like the present one as a matter of course.   By reference to sec. 315 and the three preceding sections therein referred to it appears that the fee is allowable as against only those defendants who in the Courts of Baltimore City dispute under oath the claim of a plaintiff who in an action on a contract has filed with his declaration the contract sued on together with a statement under affidavit of the true amount in which the defendant is indebted to him thereon. If in such cases it turns out that the defendant has not in fact a good defense to the action the law visits upon him the payment " *in addition to the costs of the suit* " of such counsel fee not exceeding $100 as the Court may upon application allow to the successful plaintiff.

The obvious purpose of the statute is to discourage the interposition of feigned or insufficient defenses by imposing as a penalty upon the unsuccessful defendants, having set them up in the class of cases referred to, the payment of the counsel fee in the discretion of the trial Judge in addition to the liability for those costs which follow the judgment as a matter of course. The fee is a special allowance made upon particular grounds and is not part of the costs of suit in the ordinary sense.

As its allowance to the plaintiff is conditioned upon his having gained the suit a consistent application of the principle upon which it is allowed requires us to hold that when the judgment by which his success is supposed to have been es-

tablished is reversed· upon an appeal the allowance of the fee should fall with it.   In our opinion the learned Judge below was right in granting the motion to quash the *fi. fa.* and we will affirm his order passed for that purpose.

*Order appealed from affirmed with costs.*

(Decided January 15th, 1903.)