[S. F. No. 6763.   Department Two.—December 15, 1915.]

JAMES MOORE, Respondent, v. PACIFIC COAST STEEL COMPANY, Appellant.

NEGLIGENCE — EMPLOYER AND EMPLOYEE — ADMISSION OF RELATION IN PLEADINGS—INSTRUCTIONS ASSUMING FACT.—In an action by an alleged employee against his employer to recover damages resulting from the negligence of the latter, the question whether the relation of employee and employer existed at the time of the accident, if disputed, is one of fact for the jury. Where, however, the existence of the relation is admitted by the pleadings, the court may assume the fact in its instructions to the jury, and refuse to give instructions submitting the fact for their determination.

ID.—SAFE MEANS OF INGRESS AND EGRESS TO AND FROM PREMISES— DUTY OF EMPLOYER.—It is as much the duty of an employer to provide upon his own premises reasonably safe ingress and egress to and from the place of employment as it is to see that the place of employment itself shall be reasonably safe.

ID.—INSTRUCTIONS INAPPLICABLE TO FACTS.—In this action by an employee to recover for personal injuries alleged to have been occa-

sioned by the negligence of the employer in failing to provide a
safe means of ingress and egress to and from the premises on which
the place of employment was situated, 'it was not error to refuse
instructions, inapplicable to any of the facts of the case, purporting
to state a rule of law exonerating the employer for injuries
suffered by the plaintiff while roaming about the premises, not in
the performance of his duties.

Id.—Contributory Negligence.—In such action, the question whether
or not plaintiff's conduct showed him to be guilty of contributory
negligence was not one of law, but one of fact for the determina-
tion of the jury.

Id.—Affidavits Used on Motion for New Trial Must be Authenti-
cated—Appeal.—In the absence of proper authentication, affidavits
purporting to have been used upon the motion for a new trial
cannot be considered on appeal.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco, and from an order refus-
ing a new trial.   John Hunt, Judge.

The facts are stated in the opinion of the court.

Denson, Cooley & Denson, and A. E. Shaw, for Appellant.

James H. Boyer, for Respondent.

HENSHAW, J.—Plaintiff sued and recovered damages for
personal injuries which befell him while in the employ of
the defendant, and which injuries he charged resulted from
his falling into an excavation negligently constructed and
maintained by defendant upon its premises. Defendant ap-
peals from the judgment and from the order denying its
motion for a new trial.

Defendant operated a large plant composed of several
buildings and their yards, all inclosed within a high board
fence.  In this plant it engaged in the manufacture of steel
and iron products.  Plaintiff was in the employ of defen[d]
ant as a metal heater, working on a night shift.  On t[he]
twenty-ninth day of November, 1912, defendant caused [an]
excavation to be made in one of its yards immediately adjo[in]
ing the entrance leading to the building in which plain[tiff]
performed his work.  This excavation was made near [and]
along the side of the pathway leading from the entrance
this building to the gateway.  This gateway, pathway, [and]

entrance constituted the usual route and mode of ingress and egress for plaintiff and those like him similarly employed. No warning light was maintained at this excavation and no barrier was erected so as to prevent one from falling into it. Plaintiff finished his labors at about 4:30 A. M. of the morning of December 30th. He remained in one of the buildings in conversation with other of the employees for half or three-quarters of an hour, and then, undertaking to leave the grounds by this usually frequented pathway, while it was still dark, fell into the excavation and was injured.

The court instructed the jury that plaintiff was a servant and employee of defendant at the time he received his injuries. Objection to this is made, first, that it is an instruction upon the facts, within the inhibition of article VI, section 19, of the constitution; and, second, that the question was one peculiarly for the jury's determination as to whether or not plaintiff was such servant or employee. Of course wherever the facts are in dispute the question is one of fact for the jury. (1 Thompson on Negligence, sec. 615; 1 Labatt on Master and Servant, sec. 17.) But the difficulty with appellant's position is that this question was not an issue in the case. Plaintiff pleaded that he was in the employ of defendant at the time of the accident, and this is not denied by the answer. It is not a violation of the constitutional provision above cited for the court to state to the jury facts that are admitted by the pleadings. Nor under the circumstances was it error for the court to refuse to give instructions to the jury submitting for their determination this admitted fact. (*Alden* v. *Mayfield,* 164 Cal. 6, [127 Pac. 45]; *Joshua Hendy M. Works* v. *Pacific Cable Const. Co.,* 99 Cal. 421, [33 Pac. 1084].)

Defendant proposed certain instructions to the effect that "if plaintiff, for purposes of his own and not connected with or required in the discharge of his duty, left that portion of the defendant's premises where his duties required him to be, and went to other parts of the defendant's premises, then the plaintiff, during such absence from his duties, and the place of their performance, was a licensee merely, and the defendant owed him no duty to use reasonable or any care to furnish him a safe place"; and again, "If plaintiff left the part of the premises where his duties required him to be, and roamed about over the premises of the defendant for pur-

poses of his own and was injured by the condition of the premises while so away from his duties, he cannot recover in this action." The court refused to give these instructions, and was justified in so doing. Aside from any question of the soundness or unsoundness of the law embodied in them, they were not applicable to any of the facts of the case. Plaintiff, it appeared, did leave the building in which he was employed and went to another building where he spent half or three-quarters of an hour in converse with the men there employed. This was all the "roaming about" that he did, and his injuries did not befall him in consequence thereof. He had returned to his own building and was seeking egress from the works along the path habitually used by all the workmen when the accident happened. This case presents no feature of similarity to such cases as *Kennedy* v. *Chase,* 119 Cal. 637, [63 Am. St. Rep. 153, 52 Pac. 33], and *Grundel* v. *Union Iron Works,* 141 Cal. 564, [75 Pac. 184]. Indisputably it is as much the duty of the employer to provide upon his own premises reasonably safe ingress and egress to and from the place of employment as it is to see that the place of employment itself is reasonably safe.

The question whether or not plaintiff's conduct showed him to be guilty of contributory negligence was not one of law but one of fact, which the jury decided adversely to appellant's contention. (*Zibbell* v. *Southern Pac. Co.,* 160 Cal. 237, [116 Pac. 513]; *Lucas* v. *Walker,* 22 Cal. App. 296, [134 Pac. 374].)

Appellant urges upon the attention of the court the consideration of certain affidavits which it is stated were used upon its motion for a new trial. These affidavits are not authenticated in any manner whatsoever, and cannot be considered. (*Melde* v. *Reynolds,* 120 Cal. 234, [52 Pac. 491]; *Esert* v. *Glock,* 137 Cal. 533, [70 Pac. 479]; *Bentley* v. *Hurlburt,* 153 Cal. 796, [96 Pac. 890].)

The judgment and order appealed from are therefore affirmed.

Lorigan, J., and Melvin, J., concurred.

Hearing in Bank denied.