[Civ. No. 1639.   Third Appellate District.—May 28, 1917.]

VICTOR BOOS, Respondent, v. R. R. BYRNES, Appellant.

APPEAL FROM JUDGMENT — RECORD — UNAUTHENTICATED AFFIDAVITS.—
Upon an appeal taken from a judgment for the purpose of reviewing
an order denying a motion to set it aside, on the ground that no
notice of the filing of the findings or of the time when the findings
would be presented to the judge was served upon the appellant,
affidavits in the clerk's transcript, which were filed on the motion
to strike out the judgment, cannot be considered, where they were
not certified or otherwise authenticated by the judge as having been
used at the hearing of the motion.

ID.—ORDER DENYING MOTION TO VACATE JUDGMENT — APPEALABLE
ORDER.—An order denying a motion to set aside and vacate a judg-
ment is itself an appealable order, and cannot be reviewed upon
appeal from the judgment.

APPEAL from a judgment of the Superior Court of
Mendocino County.  J. Q. White, Judge.

The facts are stated in the opinion of the court.

Charles Kasch, for Appellant.

Robert Duncan, for Respondent.

CHIPMAN, P. J.—Action in replevin to recover possession
of a certain automobile.  Defendant justified the taking as
sheriff under execution issued in an action entitled Mary
Lazarus v. Simon Boos, alleging that said automobile is the
property of said judgment debtor.

The cause was tried by the court without a jury and the
court made and entered findings and judgment for plaintiff,
on December 7, 1916.  On December 12, 1916, defendant
served and filed notice of a motion to set aside and vacate
said findings and judgment on the ground that no notice
of the filing of said findings or of the time when said find-
ings would be presented to the judge of said court was served
upon defendant, and that defendant did not waive notice of
the time when said findings would be presented.  The time
for hearing said motion was shortened and order made that
it be heard December 13, 1916.  We do not find in the record

any order denying the motion, but plaintiff seems to treat the motion as having been denied.

On December 13, 1916, defendant served and filed notice of appeal from the judgment of December 7, 1916, and now seeks to review the action of the court in denying said motion. Respondent objects on two grounds, both of which are well taken and preclude our considering the order: First, the affidavits in the clerk's transcript, which were filed on the motion to strike out the judgment, cannot be considered upon this appeal, because they were not certified or otherwise authenticated by the judge of the court as having been used at the hearing of said motion. (*Thompson* v. *American Fruit Co.*, 21 Cal. App. 338, [131 Pac. 878]; *Pouchan* v. *Godeau*, 21 Cal. App. 365, [131 Pac. 879]; *Russell* v. *Chisholm*, 23 Cal. App. 727, [139 Pac. 657].) Second, the said order is itself an appealable order, and cannot be reviewed upon appeal from the judgment. (Code Civ. Proc., secs. 956, 963; *McCourtney* v. *Fortune*, 42 Cal. 387; *Deyoe* v. *Superior Court*, 140 Cal. 476, 486, [98 Am. St. Rep. 73, 74 Pac. 28]; *Bohn* v. *Bohn*, 164 Cal. 532, 537, [129 Pac. 981].)

The remaining point urged by appellant is that the evidence does not support the finding and judgment allowing plaintiff $50 damages for the detention of the automobile. Appellant quotes some testimony from which he concludes that $37.50 is the extreme amount shown as damages. There was other testimony in the case fully warranting the finding.

The judgment is affirmed.

Hart, J., and Burnett, J., concurred.