(January 5, 1918.)

## JESSE RILEY, Respondent, v. KENDRICK WAREHOUSE AND MILLING COMPANY, a Corporation, Appellant.

[170 Pac. 105.]

EMPLOYER AND EMPLOYEE—PERSONAL INJURY—CONTRIBUTORY NEGLIGENCE.

1. It is the duty of an employer to use ordinary care and diligence to furnish his employee a reasonably safe means of access to and exit from the place of employment.

2. Whether appellant was guilty of negligence, which resulted in respondent's injury, by failing to exercise ordinary care to furnish him a reasonably safe exit from its mill, and whether respondent was guilty of contributory negligence were, under the circumstances disclosed by the record in this case, questions of fact for the jury.

[As to duty of master to provide safe place for servant to pass to and from work, see note in Ann. Cas. 1913E, 1033.]

APPEAL from the District Court of the Second Judicial District, for Nez Perce County. Hon. Edgar C. Steele, Judge.

Action for damages for personal injury. Judgment for plaintiff in the sum of $905. *Affirmed.*

Geo. W. Tannahill and S. O. Tannahill, for Appellant.

"The plaintiff assumed the ordinary risks incident to the work in which he was engaged, and this included all risks that were obvious and patent or that were open and obvious to one of ordinary understanding." (*Antler v. Cox,* 27 Ida. 517, 149 Pac. 731; *Rush v. Missouri Pac. Ry. Co.,* 36 Kan. 129, 12 Pac. 582; *Goure v. Storey,* 17 Ida. 352, 353, 105 Pac. 794; *Chicago, R. I. & P. R. Co. v. Duran,* 38 Okl. 719, 134 Pac. 876; *Gulf, C. & S. F. Ry. Co. v. Jackson,* 65 Fed. 48, 12 C. C. A. 507.)

The conduct of the respondent was not that of an ordinarily prudent person reasonably careful of his own safety, in view of the fact that he was well acquainted with the condition of the truckway, and knew that there were no banisters thereon, and when he started out without a light, knowing that the night was dark, he assumed the risk, and is not entitled to recover. (*Miller v. White Bronze Monument Co.*, 141 Iowa, 701, 18 · Ann. Cas. 957, 118 N. W. 518; 5 Corpus Juris, 1413; *Galveston etc. R. Co. v. Hodnett*, 106 Tex. 190, 163 S. W. 13; *Tuttle v. Detroit, G. H. & M. R. Co.*, 122 U. S. 189, 7 Sup. Ct. 1166, 30 L. ed. 1114; *Southern Pac. Co. v. Seley*, 152 U. S. 145, 14 Sup. Ct. 530, 38 L. ed. 391; *Southern Ry. Co. v. Logan*, 138 Fed. 725, 71 C. C. A. 281; *King v. Morgan*, 109 Fed. 446, 48 C. C. A. 507.)

"A servant is expected to exercise some measure of intelligence and the instinct of self-preservation, and for that reason is held to assume all dangers against which he may protect himself by the exercise of ordinary care" (*Woodward Iron Co. v. Marbut*, 183 Ala. 310, 62 So. 804.) The injuries are not at all serious, and the verdict of $905 is certainly excessive. (*Louisville Ry. Co. v. O'Mara*, 25 Ky. Law, 819, 76 S. W. 402; *Southern Ry. v. Turner* (Miss.), 49 So. 113.)

Chas. L. McDonald and Ben F. Tweedy, for Respondent.

The respondent did not assume the risk caused by the absence of lights and railing on the passway usually used in going to and coming from work; and where an employee, in the dark, falls from a usual passway and is injured, the question of his right to recover is for the jury and not for the court. (*Moore v. Pacific Coast Steel Co.*, 171 Cal. 489, 153 Pac. 912; *Acres v. Frederick & Nelson*, 79 Wash. 402, 140 Pac. 370, 5 N. C. C. A. 557.)

"The duty of the master to provide a reasonably safe place for the servant to work is a positive one, and his non-compliance therewith is not one of the ordinary risks assumed by the servant." (*Armour v. Golkowska*, 202 Ill. 144, 66 N. E. 1037.)

An employee assumes the risks of the place where he works only when he is charged with the duty to make the place reasonably safe. (*Chicago, R. I. & P. R. Co. v. Townes,* 43 Okl. 568, 143 Pac. 680.)

"Even when the facts are undisputed, if reasonable minds might draw different conclusions upon the question of negligence, the question is one of fact for the jury." (*Lucas v. Walker,* 22 Cal. App. 296, 134 Pac. 374, 379.)

MORGAN, J.—This is an appeal from a judgment, and from an order overruling a motion for a new trial, in an action by respondent against appellant for damages arising from personal injuries received by him while in its employ.

On and prior to November 22, 1913, respondent was employed by appellant in its mill at Kendrick. The mill was located about three hundred feet from the Northern Pacific railroad tracks and an elevated truckway had been built leading from one of the doors of the mill to a point adjacent to one of the switch-tracks of the railroad company, for convenience in loading and unloading cars. The top, or track, of this truckway was made of planks, laid lengthwise of the structure, and the greater portion of it was about 4½ feet wide, but for a distance of about 12 feet from the mill, two additional planks had been so used, in its construction, as to make it about 18 inches wider to that point.

Although the truckway had been built for the purpose above stated, it appears that ever since its construction, a considerable length of time prior to the accident which resulted in this litigation, it had been the custom of the employees of appellant, with its knowledge and acquiescence, to use it for a walk in coming to and going from the mill. It further appears there was a road leading to the mill which could be, and sometimes was, used by pedestrians, and there is conflict in the evidence as to the condition of the road on the evening in question, but the record, upon this point, is sufficient to justify the jury in finding that it was so muddy as to be impractical, at that time, for the use of persons on foot.

At about 6 o'clock, on the evening of November 22d, appellant finished his day's work and started for home across the truckway. It was quite dark and the truckway was neither supplied with lights nor banisters. Because of the darkness and absence of banisters he walked off the end of the two additional planks, above mentioned, fell a distance of several feet, struck upon his head and shoulders, and received the injuries because of which he seeks to recover in this action.

There is evidence to show that a number of lanterns were kept in the mill by appellant and that its employees were permitted to use them in leaving the place at night, but respondent testified that he had never been told of, and that he did not know of, such permission, and was not aware of a custom whereby the employees used the company's lanterns for such purpose. Other evidence tends to show that the foreman stated, before respondent left the premises, that he would get a lantern and light the way; also that another employee suggested that he wait for the foreman to come with the light, but respondent testified that if such statement, or suggestion, was made, he did not hear it.

Respondent bases his action upon the failure of appellant to use due diligence to make the truckway safe for him to walk upon in leaving his work, by lighting it or providing it with banisters. Appellant, while it did not move for a nonsuit or an instructed verdict in its favor, denies negligence upon its part and insists that respondent's injuries were due to his contributory negligence. Certain other questions are raised by the assignment of errors, but we do not deem a discussion of them to be necessary to a decision of this case.

It is the duty of an employer to use ordinary care and diligence to furnish his employee a reasonably safe place to work (*Brayman v. Russell & Pugh L. Co.*, *ante*, p. 140, 169 Pac. 932), and a reasonably safe means of access to and exit from the place of employment. (*Moore v. Pacific Coast Steel Co.*, 171 Cal. 489, 153 Pac. 912; *Strobel v. Gerst Bros. Mfg. Co.*, 148 Mo. App. 22, 127 S. W. 421; *McFarland v. Charles*

*Hebard & Son,* 174 Mich. 347, 140 N. W. 541; *Curry v. Atlantic Refining Co.,* 239 Pa. St. 302, 86 Atl. 856.)

We cannot say, as a matter of law, that appellant exercised ordinary care and diligence to furnish respondent a reasonably safe means of exit from the mill; that the road provided was in a suitable condition for travel, by a pedestrian, and that respondent should have traveled over it instead of the truckway when leaving his work; that he was guilty of contributory negligence in not procuring, or waiting for a light; nor that, from all the facts and circumstances disclosed by the record, appellant was not guilty of such negligence in failing to build banisters, or light the truckway, which it knew was customarily used by its employees as a means of access to and exit from the mill, as to render it liable in damages to respondent for the injuries he received in falling from it. These were matters for the jury to decide from the evidence. It was guided by instructions, as to the law, in which we find no error, and its verdict will not be disturbed. (*Curry v. Atlantic Refining Co., supra; Moore v. Pacific Coast Steel Co., supra; Puget Sound Elec. Ry. Co. v. Harrigan,* 176 Fed. 488, 100 C. C. A. 104; *Tecza v. Sulzberger & Sons Co.,* 92 Kan. 97, 140 Pac. 105.)

Appellant contends that the damages awarded are excessive, and were given under the influence of passion and prejudice. The record does not sustain this contention.

The judgment and order appealed from are affirmed. Costs are awarded to respondent.

Rice, J., concurs.

BUDGE, C. J., Dissenting.—I am unable to concur in the view expressed in the majority opinion that, under the circumstances disclosed by the record, any question of fact was presented which entitled the case to be submitted to a jury. The respondent was familiar with the truckway; he knew that it was not protected by any guard-rail and that it was not lighted. He also knew that by descending the steps immediately outside of the mill maintained by his employer

expressly for the use of employees, he could have reached the road provided and proceeded in safety; the mere fact that the road was muddy would not justify the respondent in assuming an unnecessary risk.  He knew that the night was dark; that he could not proceed over the truckway without incurring the danger which he encountered.  These facts are not disputed.  Nevertheless he deliberately walked forth on to the truckway in the dark to his injury.  It is my view that these facts are sufficient, as a matter of law, to make respondent guilty of contributory negligence.

Furthermore, the cases cited in the majority opinion base the duty of an employer to use ordinary care and diligence to furnish his employee with a reasonably safe place to work and a reasonably safe means of access to and exit from the place of employment, upon the same ground.  There is no distinction in principle as to the employer's duty in either case, and such duty is neither greater nor less in the one case than in the other.  To my mind, under the facts disclosed by the record, this should bring the case within the rule announced at this term of court in *Selhaver v. Dover Lumber Co., ante,* 218, 169 Pac. 1169, that "notwithstanding the defective character of the machinery an employee assumes the risk of his employment where it is shown that he knew of the defective character of the appliances with which he was working, or that the defects were so patent and obvious that with reasonable attention he should have known of their existence, and where he comprehended the danger incident to the defective condition of the machinery, or as a reasonably prudent person should have comprehended the danger and risk."  In my opinion the judgment should be reversed.