[Civ. No. 3550. First Appellate District, Division One.—September 2, 1920.]

LAURITZ ALBERTSEN, Appellant, v. HANSINE ALBERTSEN, Respondent.

[1] APPEAL—ORDER—REQUEST FOR PREPARATION OF TRANSCRIPT—INSUFFICIENT NOTICE.—In view of the express provisions of section 953a of the Code of Civil Procedure, an appellant on an appeal from an order is required to insert in his notice to the clerk requesting the preparation of a transcript an enumeration of the particular papers and records which he desires incorporated therein, since the appeal is one in which there is no judgment-roll, and a notice given in the form required by the section in cases where the appeal is from the judgment is insufficient.

APPEAL from an order of the Superior Court of Alameda County allowing alimony, counsel fees, and costs *pendente lite* in an action for annulment of a marriage. Joseph S. Koford, Judge. Appeal dismissed.

The facts are stated in the opinion of the court.

F. W. Sawyer for Appellant.

Leon A. Clark and M. J. Clark for Respondent.

THE COURT.—[1] This case is presented to us for determination upon the preliminary objection made by the respondent that there is no sufficiently authenticated record of the proceedings before us to enable us to pass upon the merits of the appeal. In our opinion this objection must be sustained. The appeal is from an order allowing alimony, counsel fees, and costs *pendente lite* in an action brought to annul or declare void a marriage between the parties to the action. The appellant, after giving notice of appeal, served upon the clerk the notice required by section 953a of the Code of Civil Procedure for the purpose of having a transcript on appeal prepared as required by that section. This, however, not being an appeal from a judgment, but from an order, and being, therefore, an appeal in a case in which there is no judgment-roll, the appellant was required by the express provisions of section 953a to insert in his notice to the clerk an enumeration

of the particular papers and records which he desired incorporated in the transcript. This the appellant did not do, but only gave to the clerk the notice in the form required by section 953a in cases where the appeal is from the judgment—cases, consequently, in which there is a judgment-roll. The record leaves us somewhat in doubt as to whether the certificate of the judge appended to the end of the bound transcript herein is a certificate merely to the reporter's transcript, which appears to be a part of this volume, or is a certificate to the entire transcript, but in either event it merely amounts in form to the certificate which is required by section 953a to be appended to reporter's transcripts, and does not in form or substance include in its terms the certificate which is required to be made in a case where there is no judgment-roll, in which case the judge is required to certify as to the papers used upon the hearing of the motion. This certificate does not purport to be of that character.

In the case of *Thompson* v. *American Fruit Co.*, 21 Cal. App. 338, [131 Pac. 878], this question was considered, and it was there said: "If it was appellant's purpose to present his appeal to this court under the original method of appeal he should have prepared and presented to the judge of the lower court for settlement a bill of exceptions, showing the papers, evidence, pleadings, and proceedings used and had upon the making of the order appealed from. That this was not his purpose, however, is apparent from the record before us, which does not purport to be an authenticated bill of exceptions as required by the rule of the supreme court. Apparently it was the purpose of appellant to take his appeal under the alternative method; but he failed to prepare and perfect the record in the manner and to the extent required by the code provisions creating that method. After filing his notice of appeal under the provisions of section 941b of the Code of Civil Procedure the appellant neglected to do any of the things required by section 953a of the same code. In order to avail himself of the alternative method of appeal it was incumbent upon the appellant, in addition to giving the notice of appeal, to file with the clerk a request for a transcript as provided by the section last mentioned, which would have consisted of copies of the moving papers, the evidence taken upon the hearing of

the motion, and the rulings of the court thereon. Upon the completion of such a transcript it would have been the duty of the judge of the lower court to examine the same and certify its correctness to this court. . . . Inasmuch as we have not before us under either method of appeal a duly authenticated record of the proceedings had in the lower court upon the making of the order appealed from, we are precluded from considering the matter upon its merits.''

In a later case in the same volume—*Pouchan* v. *Godeau*, 21 Cal. App. 365, [131 Pac. 879]—this court, again passing on the same question, held that the record there presented did not measure up to the requirements of section 953a of the Code of Civil Procedure, and hence that the appeal in that case should be dismissed.

We regard these two cases as conclusive as to the sufficiency of the record before us, and our conclusion, therefore, and order is that the objection which the respondent makes to the sufficiency of this record be sustained and the appeal dismissed. It is so ordered.